UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| THEODORE E. OKECHUKU, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1005-B-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is third-party Association of Nigerian Lawyers in America, Inc. (ANLA)'s Objection to the Magistrate Judge's Order (Doc. 19) on ANLA's motion for leave to file an amicus curiae brief out-of-time and to exceed page limit (Doc. 13), and an application for admission *pro hac vice* (doc. 16) filed by ANLA's counsel, Michael Okechuku. The Magistrate Judge's Order (the Order) denied the motion for leave to file an amicus curiae brief, thereby finding the application for admission *pro hac vice* moot and denying the application. *See* Doc. 18, Order, 1–3. For the following reasons, the Court **OVERRULES** ANLA's Objection (doc. 19) and **AFFIRMS** the Order (doc. 13).

Federal Rule of Civil Procedure 72(a) provides that a "district judge . . . must consider timely objections" to a magistrate judge's order on a nondispositive matter "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Rule 72(a)'s "'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)). The Rule's "contrary to law" language, on the other hand,

- 1 -

applies to the magistrate's legal conclusions, meaning these conclusions "are reviewable *de novo*, and the district judge reverses if the magistrate judge erred in some respect in his legal conclusions." *Arters v. Univision Radio Broad. TX, LP*, 2009 WL 1212285, at *2 (N.D. Tex. May 12, 2009) (internal alteration and quotation marks omitted) (quoting *Lahr*, 164 F.R.D. at 208) (internal citation omitted). Under either standard, "[a] party who seeks to overturn a magistrate judge's order disposing of a discovery matter shoulders a heavy burden." *Hamilton v. First Am. Title Ins. Co.*, 2010 WL 791421, at *4 (N.D. Tex. Mar. 8, 2010) (collecting cases).

ANLA's main objection is that Magistrate Judge Rutherford improperly concluded that ANLA had no unique information or perspective to offer the Court beyond what the lawyers already on the case could provide. Doc. 19, ANLA's Obj., 7; *see also* Doc. 18, Order, 2. ANLA describes many ways in which it believes it offers a unique perspective, all of which pertain to alleged constitutional infirmities in Petitioner's sentence that Petitioner's counsel failed to raise. Doc. 19, ANLA's Obj., 7–11. ANLA also believes that Magistrate Judge Rutherford improperly viewed *amicus curiae* experience "as a prerequisite for conferring or granting *amicus curiae* status." *Id.* at 12 (citing Doc. 18, Order, 2 n.1).

As Magistrate Judge Rutherford aptly noted, however, "[t]he extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." Doc. 18, Order, 2 (quoting *Sierra Club v. Fed. Emerg. Mgmt. Agency*, 2007 WL 3472851, at *1 (S.D. Nov. 14, 2007)) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Additionally, the case law upon which ANLA relies are circuit court cases which discuss *amicus curiae* participation at the appellate level. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012)*; Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997*)*. And the rules

of civil procedure ANLA cites are rules of appellate and Supreme Court practice. *See* Doc. 19, ANLA's Obj., 6. ANLA has not pointed this Court to any authority that requires a district *court* to grant *amicus curiae* participation. In contrast, a district court has total discretion in this context. *Sierra Club*, 2007 WL 3472851, at *1. Thus, Judge Rutherford did not clearly err when she denied ANLA's motion. Accordingly, ANLA's Objection (Doc. 19) is **DENIED**.

Even if a district court were required to grant *amicus curiae* participation if the *amicus* had unique information that the parties' lawyers could not provide, Judge Rutherford's conclusion that ANLA does not provide such information, doc. 18, Order, 2, was not clearly erroneous. Although the parties' attorneys have not focused on alleged constitutional issues, ANLA has not shown that these attorneys are incapable of raising these issues. *See Ryan*, 125 F.3d at 1063 (explaining that *amicus curiae* briefs should be allowed if "amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties *are able* to provide") (emphasis added).

Finally, the Court concludes that Judge Rutherford's footnote that ANLA does not have experience as *amicus curiae*, *id.* at 2 n.1, was not a basis for her decision, contrary to what ANLA might believe. *See* Doc. 19, ANLA's Obj., 12. Judge Rutherford was merely casting doubt on ANLA's contention in its motion for leave to file that this *amicus curiae* brief was a part of its sustained "effort to grow its public advocacy role . . . ." *See* Doc. 18, Order, 2 n.1 (quoting Doc. 13, Mot. for Leave, 3). Because Judge Rutherford did not rely on ANLA's inexperience in denying its motion, this footnote cannot be a basis for overruling the Order.

And because Judge Rutherford did not clearly err in denying ANLA's motion for leave to file an *amicus curiae* brief, she also did not clearly err in denying admission *pro hac* vice of ANLA's counsel on the grounds of mootness. Doc. 19, Order, 2–3.

For the foregoing reasons, ANLA's Objections (doc. 19) are hereby **OVERRULED**. The Magistrate Judge's Order (doc. 18) is hereby **AFFIRMED.**

**SO ORDERED.**

**SIGNED: December 3, 2019.**

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE