IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE E. OKECHUKU, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-01005-B (BT) |
| v. | § | No. 3:13-cr-00481-B-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Theodore E. Okechuku, a federal prisoner, filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the majority of Okechuku's claims as time-barred and DENY his timely-filed claims as meritless.

**I. Background**

Okechuku is a medical doctor who owned and operated a pill-mill in Dallas, Texas. In October 2015, a jury found him guilty of conspiring to unlawfully distribute a controlled substance, as well as using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime, and conspiring to do the

same.[1] *See* Am. J. (CR ECF No. 524). On March 30, 2016, the District Court sentenced Okechuku to a total aggregate term of 300 months' imprisonment and ordered him to pay a money judgment in the amount of $337,136.83. *Id.* Okechuku appealed to the Fifth Circuit, but the appellate court affirmed his conviction and sentence. *See United States v. Oti*, 872 F.3d 678, 684 (5th Cir. 2017). Okechuku then filed a petition for writ of certiorari, which the Supreme Court denied on May 14, 2018. *See Okechuku v. United States*, 138 S. Ct. 1990 (2018).

The next year, on April 26, 2019, Okechuku, through retained counsel, filed a § 2255 motion (CV ECF No. 1-2). In this initial motion, he argues: (1) the jury instructions were improper because the evidence presented at trial did not support the instructions; (2) the evidence was insufficient to support the nexus requirement of the firearms convictions; and (3) his conviction was unconstitutional because attorney failed to object to multiple claims, adjudications, and convictions that were improperly used to enhance his sentence. On May 13, 2019, Okechuku, again through counsel, filed a supplement (CV ECF No. 5) to his § 2255 motion, raising the following additional arguments: (1) the prosecution failed to offer sufficient evidence that he was deliberately ignorant to the conspiracy because mere negligence cannot prove agreement to conspire; (2) there was insufficient evidence that he repeatedly met with the drug dealers who

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to Okechuku's criminal case, case number 3:13-cr-481-B-1, and "CV ECF" refers to his civil action, case number 3:19-cv-01005-B-BT.

operated the pill mill; (3) the trial court erred under *Alleyne v. United States,* 570 U.S. 99 (2013), by failing to require the jury to establish that he actually "brandished" a firearm with the intent to intimidate, as defined under § 924(c); (4) the *Alleyne* error at trial also led to an error at sentencing; and (5) his trial attorney's failure to raise the *Alleyne* issue was ineffective assistance of counsel. On August 26, 2019, the Government filed its response (CV ECF No. 11), arguing that Okechuku's § 2255 motion should be denied because he failed to show he is entitled to relief on any of his claims. Okechuku filed a reply (CV ECF No. 12).

Later, on September 13, 2019, Michael I. Okechuku, Okechuku's brother, filed a motion for leave to file an out of time *amicus curiae* brief on behalf of the Association of Nigerian Lawyers in America, Inc. (ANLA). Mot. (CV ECF No. 13). Michael I. Okechuku also filed a motion for *pro hac vice* admission. Mot. (CV ECF No. 16). The undersigned magistrate judge denied both motions. Ord. (CV ECF No. 18). ANLA objected (CV ECF No. 19). On December 3, 2019, the District Court affirmed the magistrate judge's order and noted that "ANLA has not pointed this Court to any authority that requires a district court to grant *amicus curiae* participation." Ord. 3 (CV ECF No. 20). The District Court also "cast doubt on ANLA's contention in its motion for leave to file that this *amicus curiae* brief was part of its sustained 'effort to grow its public advocacy role.'" (*Id.*)

On December 18, 2019, the Court received Okechuku's *pro se* motion seeking leave to amend his § 2255 motion. Mot. (CV ECF No. 21). The Court found that Okechuku was represented by counsel, was not entitled to hybrid

representation, and denied his *pro se* motion. Ord. (CV ECF No. 22). On January 16, 2020, Okechuku's attorney, Robert L. Sirianni, moved to withdraw. Mot. (CV ECF No. 25). The Court directed Okechuku to respond to his attorney's motion to withdraw and state whether he opposed it. Ord. (CV ECF No. 27). In his subsequent motions to reconsider this Court's order denying him leave to amend his § 2255 motion, Okechuku stated that he instructed his attorney to file a motion to withdraw as counsel. Mot. 2 (CV ECF No. 28); Mot. 2 (CV ECF No. 30). On March 5, 2020, the Court granted Sirianni's motion to withdraw from representing Okechuku. Ord. (CV ECF No. 31).

On January 14, 2020, the Court received Okechuku's *pro se* amended § 2255 motion (CV ECF No. 23). Okechuku did not obtain leave of court or consent from the Government prior to filing his amended § 2255 motion. Ord. (CV ECF No. 26). Additionally, the amended § 2255 motion exceeded the page limitations set forth in the Northern District of Texas's Local Rule 7.2(c). *Id.* Therefore, on January 21, 2020, the Court ordered that Okechuku's amended § 2255 motion be stricken and unfiled. *Id.*

On March 5, 2020, the Court granted Okechuku's motions for reconsideration of its prior order denying his *pro se* motion to file an amended § 2255 motion and permitted Okechuku to file an amended § 2255 motion. Ord. (CV ECF No. 31). On April 14, 2020, the Court received Okechuku's *pro se* amended § 2255 motion (CV ECF No. 32). In his amended motion, Okechuku argues his trial attorney provided deficient performance by: failing to enforce the Court's pretrial

4

ruling limiting Dr. Owens's testimony by failing to properly object (claim 1), Am. Mot 5-6 (CV ECF No. 32); not moving to limit the testimony of F.B.I. Agent Pekala based on Rule 16 (claim 2), *id.* 7; failing to object to Agent Gordon's testimony that a normal doctor's office would not employ armed security guards and have a cash cage (claim 3), *id.*; failing to object to Agent Pekala's testimony about the post-it note (claim 4), *id.*; failing to object to Agent Pekala's testimony about the pharmacy note stating "if some of these can be added with the pain pill, it will reflect a better therapeutic therapy" (claim 5), *id.*; failing to object to "FBI Communications Expert, Mr. Fusco's, testimony" on Rule 16 grounds (claim 6), *id.* 8; failing to object to the deliberate-ignorance jury instruction (claim 7), *id.* 10; failing to argue that the Government lacked authority to indict him under the Controlled Substances Act (claim 8), *id.* 11; failing to argue that there was insufficient evidence to support his § 924(c) conviction (claim 9), *id.* 17; failing to object to the drug-quantity enhancement (claim 10), *id.* 18; failing to object to the obstruction-of-justice enhancement (claim 12), *id.* 19; failing to "enter into negotiations with the government" and failing to "discuss with Okechuku the option of negotiating a plea bargain" and the acceptance-of-responsibility reduction (claim 13), *id.* 20. He further argues: the prosecutor committed prosecutorial misconduct when she "sprang a drug weight with his Marijuana equivalent on the Court at sentencing when she knew, or should have known, that no drug weight was charged in the indictment" (claim 11), *id.* 19; the evidence was insufficient to support his drug-conspiracy conviction (claim 14), *id.* 22, 24-31; the trial court erred by imposing a

substantively unreasonable sentence (claim 15), *id.* 23; and the trial court erroneously admitted inadmissible co-conspirator testimony (claim 16), *id.* 24.[2]

On July 14, 2020, the Government filed a motion to dismiss and response to Okechuku's amended § 2255 motion (CV ECF No. 39), arguing that the amended motion is untimely and only two of the 16 claims relate back to Okechuku's timely-filed § 2255 motion and supplement. The Government further argues that the Court should dismiss the 14 untimely claims and deny the two timely claims as meritless. Okechuku filed a brief in opposition (CV ECF No. 47) and an unsworn statement in support (CV ECF No. 48). Therefore, Okechuku's amended § 2255 motion and the Government's motion to dismiss are ripe for determination.

## II. Legal Standards & Analysis

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

---

[2] Okechuku's *pro se* amended § 2255 motion repeatedly cites and closely tracks the arguments ANLA attempted to make in the stricken *amicus* brief.

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Okechuku's conviction became final on May 14, 2018, when the Supreme Court denied certiorari. Okechuku then had one year, or until May 14, 2019, to file his § 2255 motion. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (finding that finality attaches, and the one-year limitations period begins to run, when the Supreme Court denies a petition for writ of certiorari).

Here, Okechuku filed his § 2255 motion, through counsel, on April 26, 2019. (CV ECF No. 1). He then filed his supplement (CV ECF No. 5), through counsel, on May 13, 2019. Both the original § 2255 motion and the supplement were timely filed on or before May 14, 2019. However, Okechuku's *pro se* amended § 2255 motion (CV ECF No. 32) was not filed until April 6, 2020, almost eleven months after the time passed for him to file a timely motion. *See* 28 U.S.C. § 2255(f)(1).[3] Okechuku's amended § 2255 motion was therefore not timely.

---

[3] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack,*

**B. Equitable Tolling**

Okechuku argues that he is entitled to equitable tolling because his retained § 2255 attorney, Robert L. Sirianni, provided ineffective assistance of counsel by filing pleadings that "fell below the standard required of diligent counsel." Am. Mot. 2-3 (CV ECF No. 32). Citing *Maples v. Thomas*, 565 U.S. 266 (2012), Okechuku argues that Sirianni essentially "abandoned" him, and this "deprived [him] of access to the courthouse." *Id.* 2-3. Finally, Okechuku cites *Martinez v. Ryan*, 566 U.S. 1 (2012), and argues that he is entitled to the benefit of equitable tolling. *Id.* 3.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American*

---

487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Okechuku's amended § 2255 motion, apparently mailed by prison officials, is signed and dated April 6, 2020. Am. Mot. 32 (CV ECF No. 32).

*President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Equitable tolling may be warranted where an attorney intentionally deceives a client. *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). But "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (noting that "a prisoner has no right to counsel during post-conviction proceedings"); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). In other words, "[i]neffective assistance of counsel is irrelevant to the tolling decision." *Id.* "'[A] garden variety claim of excusable neglect,' such as simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651 (2010) (internal quotation marks and internal citation omitted). By contrast, equitable tolling may be justified where a lawyer has "violated fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never abandon a client." *Id.* at 652-53.

Okechuku does not allege that Sirianni intentionally deceived him. Rather, he claims that Sirianni's work product "fell below the standard required of diligent counsel." Am. Mot. 3 (CV ECF No. 32). The record demonstrates that Sirianni

9

timely filed Okechuku's § 2255 motion, supplement, and reply brief. Okechuku argues that the § 2255 motion Sirianni filed is "totally incompetent," *id.*, but Okechuku retained two of the arguments from Sirianni's § 2255 motion in his *pro se* amended motion. *Id.* 10, 17. In addition, Okechuku has failed to show that his attorney abandoned him or was more than merely neglectful in his representation. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.") (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). Even if Okechuku could demonstrate that his attorney abandoned him, he has not shown that he diligently pursued his rights. *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("The act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition.") (internal quotation marks omitted). Okechuku claims that Sirianni failed to "communicate" with him (CV ECF No. 21 at 4), but he also concedes that Sirianni mailed him a copy of the original § 2255 motion and filed the supplemental brief in response to communications with Okechuku. (CV ECF No. 21 at 2; CV ECF No. 25.)

Last, Okechuku's reliance on *Martinez* is misplaced. "*Martinez* considered whether ineffective assistance of counsel excuses procedural default—that is, the failure to raise a claim [of ineffective assistance of counsel] in state court prior to filing a federal [28 U.S.C.] § 2254 application—not whether it excuses late filing." *Shank*, 2017 WL 6029846, at *2. "*Martinez* does not apply to § 2244(d)'s one-year

limitations period—much less Section 2255's one-year limitations period, applicable here." *See also Olson v. United States*, 2018 WL 7133702, at *2 (N.D. Tex. Dec. 12, 2018).

For these reasons, Okechuku is not entitled to equitable tolling.

## C. Actual Innocence

Okechuku argues that his new claims are not time-barred "due to his actual innocence." Am. Mot. 16 (CV ECF No. 32). This argument fails because Okechuku has not shown that his new claims get through the actual-innocence "gateway."

"Actual innocence" is not a freestanding claim but a gateway that permits a habeas petitioner "to have his otherwise [time] barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Hancock v. Davis*, 906 F.3d 387, 389-90 (5th Cir. 2018) (Evidence is not "new" for purposes of the actual-innocence gateway if it was presented at trial or if "it was always within the reach of the [movant's] personal knowledge or reasonable investigation.") (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Actual innocence means "factual innocence" and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *see also United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Where a petitioner asserts his actual innocence, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new

evidence presented in his habeas petition. *Schlup*, 513 U.S. at 327. A claim of actual innocence may not be a basis for federal habeas corpus relief absent an independent federal constitutional violation. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

In support of his actual-innocence argument, Okechuku attacks the credibility of the Government's trial witnesses and points to evidence he suggests provides support for his trial testimony that "Ezanagu, Reed, and their ilk misused the clinic without his knowledge." Am. Mot. 24 (CV ECF No. 32). Because Okechuku has not come forward with new evidence in support of his actual-innocence claim, it must fail. *See Hancock*, 906 F.3d at 390 (affirming the trial court's finding that the petitioner's claim was untimely where he failed to come forward with new evidence to get through the actual-innocence gateway).

In addition, even if Okechuku had come forward with new evidence, he has failed to demonstrate that it is more likely than not that no reasonable juror would have convicted him. On appeal, the Fifth Circuit reviewed the evidence presented at trial and found that it was sufficient to support his convictions, *i.e.*, that a rational trier of fact could have convicted him and that the jury's verdict was reasonable. *See Oti*, 872 F.3d at 686 (noting that when evaluating the sufficiency of the evidence on appellate review, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Moreover, Okechuku's arguments are otherwise barred from re-litigation by the law of the case doctrine. *See United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004) (holding that a claim "raised and rejected on direct appeal" could not be raised in a § 2255 motion on collateral review); *see also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (affirming denial of § 2255 motion under law of the case doctrine after the appellate court dismissed defendant's direct appeal as barred by an appeal waiver).

Because Okechuku fails to come forward with new evidence, or any evidence, demonstrating it is more likely than not that a reasonable juror would not have convicted him, he cannot pass through the actual-innocence gateway. Therefore, Okechuku has not shown actual innocence, and the 14 new claims in his amended § 2255 motion should be dismissed as time-barred.

## D. Relation Back

Next, the Court considers whether the untimely claims in Okechuku's amended § 2255 motion relate back to the timely claims in his original § 2255 motion and supplement. It is well-established that Federal Rule of Civil Procedure 15 applies in § 2255 proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). Under Rule 15, an untimely claim is not time-barred if it relates back to the

original, timely-filed § 2255 motion. Fed. R. Civ. P. 15(c)(1)(B); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009): *see also United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). However, new claims "do not automatically relate back to prior [ ] claims simply because they violate the same constitutional provision." *Gonzalez*, 592 F.3d at 680. Rather, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Saenz*, 282 F.3d at 356. The court "must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650).

Okechuku raises 16 claims in his amended § 2255 motion. Of those 16 claims, only claims seven and nine relate back to Okechuku's original, timely-filed § 2255 motion. The remaining claims arise from facts that differ in time and type from those set forth in the original § 2255 motion. Consequently, the remaining claims do not relate back to the original, timely-filed § 2255 motion. Claims one through six, eight, ten, twelve, and thirteen of the amended § 2255 motion allege distinctly different claims of ineffective assistance of counsel by Okechuku's trial attorney from those alleged in his original § 2255 motion. In

14

Okechuku's amended § 2255 motion, he argues that his trial attorney erred by failing to: object to Dr. Owen's testimony that purportedly violated the court's pretrial order (claim one); move to limit Agent Gordon's testimony based on Rule 16 (claim two); object to Agent Gordon's testimony about a normal doctor's office (claim three); object to Agent Pekala's testimony about the post-it note (claim four) and the pharmacy note (claim five); object to "FBI Communications Expert, Mr. Fusco's, testimony" on Rule 16 grounds (claim six); argue that the government lacked authority to indict him under the Controlled Substances Act (claim eight); object to the drug-quantity enhancement (claim ten); object to the obstruction-of-justice enhancement (claim twelve); and enter into plea negotiations with the government and failing to discuss plea negotiations and acceptance of responsibility with Okechuku (claim thirteen). *Compare* Am. Mot. (CV ECF No. 32) *with* Mot. (CV ECF No. 1-2) & Suppl. (CV ECF No. 5) (alleging that trial counsel provided ineffective assistance of counsel by failing: to raise a Federal Rule of Criminal Procedure 29 motion; to argue that the evidence did not support the deliberate-ignorance instruction; to object to hearsay statements by Jerry Reed regarding another clinic that a group of Okechuku's former employees started; and to object to an alleged *Alleyne* error regarding the brandishing of a firearm).

Claims one through six, eight, ten, twelve, and thirteen of Okechuku's amended § 2255 motion do not share a "common core of operative facts" with the claims set forth in his original § 2255 motion and supplement. Therefore,

claims one through six, eight, ten, twelve and thirteen of Okechuku's amended § 2255 motion do not relate back, and they are untimely. *See Gonzalez*, 592 F.3d at 680 ("If [a new claim asserts a new ground for relief supported by facts that differ in both time and type from those in the original pleading] then [the] proposed amendment does not relate back to [the] original pleading and is time-barred."); *see also United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (holding that the trial court did not abuse its discretion when it found that the movant's claim for ineffective assistance of counsel on cross-examination did not relate back to the claims contained in his original § 2255 motion because they were "not similar enough to satisfy the 'time and type' test, nor do they arise out of the same set of operative facts").

Likewise, claims eleven and fourteen through sixteen in the amended § 2255 motion are based on facts different in time and type from those set forth in the original § 2255 motion and supplement. In his eleventh claim, Okechuku alleges that the prosecutor committed prosecutorial misconduct intended to "mislead the Court into an *Apprendi* violation" in connection with the drug quantity addressed at sentencing. *Compare* Am. Mot. 19 (CV ECF No. 32) *with* Mot. (CV ECF No. 1-2) & Supp. (CV ECF No. 5). Okechuku alleges in his fourteenth claim that there was insufficient evidence to support Okechuku's drug-conspiracy conviction. *Compare* Mot. 22, 24-31 (CV ECF No. 32) *with* Mot. (CV ECF No. 1-2) & Supp. (CV ECF No. 5). In his fifteenth claim, Okechuku alleges that the Court erred by imposing a substantively unreasonable sentence

that conflicted with the "proportionality pursuant to [18 U.S.C. §] 3553(a)(6)." *Compare* Am. Mot. 23 (CV ECF No. 32) *with* Mot. (CV ECF No. 1-2). Last, Okechuku alleges in his sixteenth claim that the trial court "routinely" admitted "inadmissible coconspirator testimony" that failed to qualify as non-hearsay under Federal Rule of Civil Procedure 801(d)(2)(E). *Compare* Am. Mot. 24 (CV ECF No. 32) with Mot. (CV ECF No. 1-2) & Supp. (CV ECF No. 5). Claims eleven and fourteen through sixteen of Okechuku's amended § 2255 motion are untimely, and they do not relate back.

In his amended § 2255 motion, Okechuku argues that the ineffective assistance of counsel claims in his amended § 2255 motion relate back to his original § 2255 motion and supplement because they fall "under the rubric of ineffective assistance of counsel," and his original § 2255 motion included an ineffective assistance of counsel claim. Am. Mot. 4 (CV ECF No. 32). This argument lacks merit because "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *Gonzalez*, 592 F.3d at 680; *see also United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (The Rule 15 standard for relating back an untimely claim to the original, timely pleading is not satisfied "merely by raising some type of ineffective assistance in the original petition, and then amended the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."). Rather, claims of ineffective assistance of counsel do not relate back when the

ineffective assistance of counsel claims initially pled are an "entirely distinct type of attorney misfeasance" than those raised in the amended pleading. *Gonzalez*, 592 F.3d at 679. The claims in Okechuku's amended § 2255 motion raise new grounds for relief involving distinct types of attorney misfeasance from those contained in the original § 2255 motion and supplement. Therefore, the claims in Okechuku's amended § 2255 motion do not relate back. *See id.*

Okechuku argues that the ineffective assistance of counsel claims in his amended § 2255 motion relate back to the "undeveloped" (CV ECF No. 32 at 4) claim that his trial attorney "failed to object to several critical items that were used to enhance [his] sentence and prevent him from preparing for a[ ] proper defense at trial" Mot. 9 (CV ECF No. 1-2); *see also* Am. Mot. 4 (CV ECF No. 32). This argument lacks merit. *See United States v. Marshall*, 2018 WL 9669918, at *2 (S.D. Miss. Aug. 20, 2018) ("A defendant seeking relief under § 2255 may not circumvent the one-year statute of limitations 'by filing a timely, albeit threadbare, "place holder" § 2255 petition incanting the vaguest of buzzwords about his claims, then avail himself of relation back principles to fill in those claims at his leisure after the one-year limitations period expires.'") (quoting *United States v. Hughes*, 2014 WL 12818161, at *6 (S.D. Miss. Oct. 9, 2014)); *see also United States v. Crawley*, 2010 WL 4393970, at *11 (S.D. Tex. Oct. 29, 2010) (finding that the original ineffective assistance claims were devoid of facts, much less operative facts, and a "'place-holder' § 2255 motion cannot serve to extend the limitations period for claims that have not been sufficiently

asserted."). For this Court to find otherwise would undermine the AEDPA's one-year statute of limitations, which the Court should decline to do because the AEDPA serves the purpose of advancing the finality of criminal convictions. *See Mayle*, 545 U.S. at 662 ("Congress enacted AEDPA to advance the finality of criminal convictions."); *see also Maldonado v. United States*, 2019 WL 8723757 at *27 (S.D. Tex. Aug. 30, 2019) ("The limitations period for habeas corpus motions serves to advance the finality of criminal convictions.") (citing *Mayle*, 545 U.S. at 662), *rec. adopted* 2020 WL 2309620 (May 8, 2020). In sum, the ineffective assistance of counsel claims in Okechuku's amended § 2255 motion are not based on "a common core of operative facts" as the ineffective assistance of counsel claim in his original § 2255 motion.

Consequently, claims one through six, eight, and ten through sixteen of Okechuku's amended § 2255 motion do not relate back to his original § 2255 motion and supplement. Claims one through six, eight, and ten through sixteen are time-barred and should be dismissed.

### E. Ineffective Assistance of Counsel

Claims seven and nine of Okechuku's amended § 2255 motion are the only timely claims in his amended § 2255 motion. In both claims, Okechuku argues that he received ineffective assistance of counsel. As discussed below, Okechuku's seventh and ninth claims fail on the merits, and to the extent that Okechuku raised other claims in his original § 2255 motion and supplement that were not raised in his amended § 2255 motion, they have been abandoned.

*See Terrell v. Davis*, 2019 WL 2744848, at *6 n.7 (S.D. Tex. July 1, 2019) ("Terrell apparently has abandoned his claim of actual innocence, which he raised in his original petition but not his amended petition."); *Garrison v. United States*, 2013 WL 3989103, at *2 n.1 (N.D. Tex. Aug. 5, 2013) (noting that the movant raised ineffective assistance of counsel claims in his original § 2255 motion but not in his amended § 2255 motion, so the ineffective assistance of counsel claims were abandoned).

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if Okechuku could demonstrate his counsel's performance was deficient, he must still show prejudice under *Strickland*. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the

prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### 1. Deliberate-Ignorance Jury Instruction

In his seventh claim, Okechuku argues that his trial attorney provided deficient performance by failing to object to the deliberate-ignorance jury instruction at trial. Am. Mot. 10 (CV ECF No. 32). However, this claim fails because Okechuku has not demonstrated prejudice.

To demonstrate prejudice under *Strickland*, a movant must show that there is a reasonable probability that the outcome of his trial would have been different without the deficient performance. *Strickland*, 466 U.S. at 694; *see also Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (noting that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome") (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). The Fifth Circuit has held that "the giving of a deliberate ignorance instruction is harmless error where substantial evidence of actual knowledge was presented." *United States v. Ricardo*, 472 F.3d 277, 286 (5th Cir. 2006); *see also United States v. Threadgill*, 172 F.3d 357, 368 (5th Cir. 1999). On appeal, the Fifth Circuit held that there was "ample evidence" of Okechuku's actual knowledge of the illegal purposes for which Jerry Reed and others used the clinic's services. *Oti*, 872 F.3d at 698-99; *see also United States v. Delgado*, 672 F.3d 320, 341 (5th Cir. 2012) (en banc) (holding that because the government put on substantial evidence of the defendant's actual

knowledge, the defendant could not have been prejudiced by the challenged deliberate ignorance instruction). Further, when Okechuku's case was on appeal, the Fifth Circuit specifically held that giving the deliberate-ignorance instruction, if error, was harmless error.[4] *See Oti*, 872 F.3d at 699 ("Therefore, we conclude that any error in using the [deliberate ignorance] instruction was harmless and that Okechuku . . . cannot show that the district court plainly erred in giving the instruction."). Okechuku has not shown that but for counsel's failure to object, the outcome of his trial would have been different. Consequently, he has failed to demonstrate prejudice under *Strickland*, and the Court need not address whether counsel's performance was deficient. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."). Okechuku's seventh claim should be denied.

### 2. Section 924(c) Conviction

In his ninth claim, Okechuku argues that his trial attorney provided deficient performance by failing to argue that there was insufficient evidence to support his § 924(c) conviction Am. Mot. 17-18 (CV ECF No. 32). This claim fails under *Strickland* because Okechuku fails to show deficient performance.

---

[4] Okechuku argues that the Fifth Circuit "focuse[d] on the trial court's error," but he contends "counsel's error" was prejudicial. Am. Mot. 10 (CV ECF No. 32). This argument is not persuasive. The Fifth Circuit specifically found that giving the deliberate-ignorance instruction was harmless. Therefore, trial counsel's failure to object to a harmless error was likewise harmless.

Okechuku's trial counsel moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 both at the close of the Government's case-in-chief and post-verdict. (CR ECF No. 308 at 5; CR ECF No. 412 at 222-24.) A Rule 29 motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing Fed. R. Crim. P. 29(a)). On appeal, the Fifth Circuit found that trial counsel preserved the issue of the sufficiency of evidence for Okechuku's § 924(c) conviction. *Oti*, 872 F.3d at 686. Moreover, even if Okechuku's trial counsel failed to argue that there was insufficient evidence, Okechuku has not shown that this would have amounted to deficient performance under *Strickland*. On appeal, the Fifth Circuit found that "there was ample evidence to support Okechuku's conviction under the firearm counts." *Oti*, 872 F.3d at 689-90, 692. After all, an attorney does not provide deficient performance by failing to raise a meritless objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) ("[F]ailure to assert a meritless objection cannot be grounds for a finding of deficient performance."); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Okechuku apparently contends that his trial attorney provided deficient performance by failing to argue that using a firearm to protect the proceeds of a crime is not sufficient to support a § 924(c) conviction because it takes place after the crime is complete (*i.e.*, after the illegal prescriptions have been written). However, this argument fails for at least three reasons. First, "the 'protection of

drug proceeds furthers a drug trafficking crime, and the use of a firearm to guard such proceeds therefore violates § 924(c).'" *United States v. Tolliver*, 116 F.3d 120, 126 n.6 (5th Cir. 1997) (quoting *United States v. Edwards*, 994 F.2d 417, 421 (8th Cir. 1993)). Second, the crime for which the firearm was used "during and in relation to" was conspiracy to unlawfully distribute a controlled substance, which is an offense that was not complete until December 5, 2013. (CR ECF No. 129 at 1-3.) Therefore, contrary to Okechuku's argument, the use of the firearm occurred prior to the completion of the crime. Last, Okechuku's claim that the protection of drug proceeds occurred after the illegitimate prescriptions were written is inconsistent with the evidence presented at his trial. Several witnesses testified that the money was collected before the "patients" saw the "doctor" and the prescriptions were written. (CR ECF No. 388 at 171; CR ECF No. 412 at 26-28; CR ECF No. 412 at 70-72.)

In sum, the sufficiency of the evidence supporting Okechuku's § 924(c) conviction was raised when trial counsel made a Rule 29 motion, and to the extent it was not raised, he has failed to show that his trial attorney provided deficient performance by failing to raise a meritless argument. Accordingly, Okechuku's ninth claim should be denied.

### Recommendation

For the foregoing reasons, the Court should DISMISS as time-barred claims one through six, eight, and ten through sixteen in Okechuku's amended § 2255

motion. The Court should DENY claims seven and nine in the amended § 2255 motion

Signed June 14, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).